UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| NICOLE SMITH | ) CASE NO. 17-71867-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

### CHAPTER 13 TRUSTEE'S
### OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $3,000.00 per month self-employment income, Debtor's rental income, and Debtor's new employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Chapter 13 budget fails to provide for post-petition self-employment tax liability on Debtor's self-employment tax income of approximately $3,000.00 per month, and Debtor has failed to establish and provide proof of a tax escrow account, indicating that the Plan may not be feasible. 11 U.S.C. Section 1325(a)(6).

4. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2017.

5. The funding of post-petition mortgage installments has not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

6. The Debtor should provide proof of the fair market value of Ohio real property so the Trustee may conduct a hypothetical liquidation analysis. 11 U.S.C. Sections 1325(a)(3) and 1325(a)(4).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include the regular monthly mortgage payment on Debtor's real property in Ohio and the Debtor's $400.00 annual Homeowner's Association dues. 11 U.S.C. Section 1325(a)(6).

8. Debtor may not be contributing all projected disposable income to creditors, as the Debtor's Schedules fail to reflect rental income of $1,350.00 per month in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b).

9. Due to a change in circumstances since filing, Schedules I and J do not reflect Debtor's current financial situation, thereby preventing the Trustee from evaluating good faith, feasibility and disposable income contributions. 11 U.S.C. Sections 1325(a)(6), 1325(a)(3), and/or 1325(b). (Debtor now works for PWC.)

10. The Debtor's proposal to pay $800.00 per month for an automobile appears to be excessive and unnecessary for the maintenance or support of the Debtor or dependents in this zero percent (0%) composition Plan in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

11. The monthly automobile payments are to be paid in the plan and are not $800.00 per month direct as reflected on the Schedules, such that Debtor has $800.00 in additional disposable income to contribute to the plan and the monthly deduction for Debtor's rent is $2,200.00, not $3,400.00 as reflected on the Schedules, such that the Debtor has $1,200.00 in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

12. The Chapter 13 Schedules reflect that Debtor has monthly net income available of $1,890.00; however, Debtor only proposes to pay $1,400.00 month to creditors through the Plan, which may indicate a lack of good faith and violate 11 U.S.C. Section 1325(a)(3).

13. Pursuant to the Debtor's testimony at the meeting of creditors, the Debtor has been domiciled in Georgia for less than 730 days immediately preceding the filing of this case. Pursuant to the Debtor's testimony at the meeting of creditors, the exemptions should be claimed under Federal law. The state statute exemptions utilized by the Debtor are in violation of 11 U.S.C. Section 522(b)(3).

14. The Trustee objects to the exemption of one hundred percent (100%) of fair market value for "homestead," as the Georgia statute allows only specific dollar amounts. Trustee cannot evaluate whether the Debtor's exemption is within the statutory limitation.

15. The Chapter 13 Trustee is unable to administer the provisions in the Chapter 13 Plan regarding the claims Navient, Federal Loan Servicing, and Kemba Financial (in wrong Sections of Plan). The Plan should be amended to clarify the creditors' treatment and/or to provide additional information to allow administration of the payments to the creditors.

16. The Debtor has failed to provide sufficient pay advice information for the Trustee to determine whether the Debtor's plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4). The Trustee requests that the Debtor provide bank statements for June through November of 2017 showing all income from all sources.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

17.     Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

18.     The Chapter 13 Plan fails to treat the scheduled secured/priority claim of McCutcheon Crossing Association, in violation of 11 U.S.C. Sections 1322(a)(2) and/or 1325(a)(5).

19.     The Trustee objects to the proposed Chapter 13 composition Plan, which fails to provide for payment of Debtor's federal income tax refunds to creditors during the applicable commitment period, in possible violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ William A. Bozarth
William A. Bozarth
Attorney for Chapter 13 Trustee
GA Bar No. 940530

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| NICOLE SMITH | ) | |
| | ) | CASE NO.: 17-71867-LRC |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

17-71867-LRC           **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    NICOLE SMITH
    925B PEACHTREE ST NE, #143
    ATLANTA, GA  30309

    DEBTOR(S) ATTORNEY:
    PRO SE

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Friday, February 16, 2018

/s/ _____
William A. Bozarth
GA Bar No. 940530
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:   678-510-1444
Facsimile:    678-510-1450