**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| NICOLE SMITH, | ) | CASE NO. 17-71867 |
| DEBTOR. | ) | |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,
DEADLINE FOR FILING WRITTEN OBJECTIONS,
AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

TO: Creditors and Other Parties in Interest

PLEASE TAKE NOTICE that NICOLE SMITH, Debtor, has filed a proposed amended modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file that objection in writing with the Court before the following deadline.

DEADLINE FOR FILING OBJECTION: Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed modification was filed on March 4, 2021. If the twenty-fourth day after the filing falls on a week-end or holiday, the deadline is extended to the next business day.

PLACE OF FILING: Clerk, United States Bankruptcy Court, Room 1340, United States Courthouse, Richard B. Russell Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3367.

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also serve a copy on the undersigned at the address stated below and on the Debtor at: Nicole Smith, 925 B Peachtree Street NE #143, Atlanta, Georgia 30309.

PLEASE TAKE FURTHER NOTICE that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the modification on April 13, 2021 at 10:00 a.m. in Courtroom 1204, U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia. If no objection is timely filed, the Court may approve the proposed modification without further notice or hearing.

*Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.*

This Thursday, March 4, 2021.

*Charles M. Clapp*             /s/
Charles M. Clapp
Attorney for Debtor
GA Bar # 101089
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328
404.585.0040 (office)
404.393.8893 (fax)
charles@lawcmc.com

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Nicole   Smith |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the Northern District of Georgia | |
| Case number  17-71867 (if known) | |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

8.1 _____

_____

# Chapter 13 Plan *** Modified ***

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1:   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**   **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim.  If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects.  See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s).  An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not Included |

## Part 2:   Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**2.1**   **Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ☒ 36 months   ☐ 60 months.

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

Debtor(s)   Nicole Smith                                                         Case Number   17-71867

The debtor(s) will pay $<u>1215</u> per <u>month</u> for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows

**2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (*specify method of payment*): _____

**2.3   Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

**2.4   Additional Payments.**

*Check one.*

☒ **None.**

**2.5   [Intentionally omitted.]**

**2.6   Disbursement of funds by trustee to holders of allowed claims.**

**(a)   Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b)   Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

**(1)   First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2)   Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3)   Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

Debtor(s)   Nicole Smith                                           Case Number   17-71867

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

### Part 3: Treatment of Secured Claims

**3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Mccutcheon Crossing HOA | 2990 Carrock Court Columbus, OH | $1103 | 0% | $12 to $62 in 10/2018 |
| Ocwen Loan Servicing,LLC | 2990 Carrock Court Columbus, OH | $16000 | 0% | $160 to $368 in 10/2018 |

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☒ **None.**

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor(s)   Nicole  Smith    Case Number   17-71867

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Kemba Financial Credit Union | 2013 Audi A6, 31,000 Miles | 4/2013 | $19,067.02 | 5.5% | $250 | $250 to $700 in 10/2018, then $1068 in 10/2021 |

**3.4  Lien avoidance.**

*Check one.*

☒ **None.**

**3.5  Surrender of collateral.**

*Check one.*

☒ **None.**

**3.6  Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **4.5%.**  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

### Part 4:  Treatment of Fees and Priority Claims

**4.1  General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are **$4,100.00**.  The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d)  From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at **$708.00** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of **$2,500.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of **$2,500.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set  forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the  maximum amount within 10 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable  provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

Debtor(s)   Nicole Smith                                         Case Number   17-71867

    (i)   If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**4.4   Priority claims other than attorney's fees.**

☒ **None.**

### Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐  A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒  100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.**

**5.3   Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.**

### Part 6:   Executory Contracts and Unexpired Leases

**6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒ **None.**

### Part 7:   Vesting of Property of the Estate

**7.1   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

### Part 8:   Nonstandard Plan Provisions

**8.1   Check "None" or list Nonstandard Plan Provisions.**

☐  **None.**  *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)***

<u>***Debtor's student loans shall remain in deferment.  To the extent Debtor's student loans are not deferred, they shall be paid directly by the Debtor.  The Trustee shall refrain from paying any claims based upon student loans.***</u>

| Debtor(s) | Nicole Smith | Case Number | 17-71867 |
|---|---|---|---|

### Part 9: Signatures

**9.1 Signatures of Debtor(s) and Attorney for Debtor(s).**
*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

☒ /s/ Nicole Smith
Signature of debtor 1 executed on  3/4/2021

925 B Peachtree Street NE #143, Atlanta, GA 30309
Address                              City, State, ZIP code

☒ Charles M. Clapp /s/, 101089
Signature of attorney for debtor(s)

Law Offices of Charles Clapp
Firm

☐ /s/
Signature of debtor 2 executed on _____

Address                              City, State, ZIP code

Date: 3/4/2021

5 Concourse Pkwy NE, Ste 3000, Atlanta, GA 30328
Address                              City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# United States Bankruptcy Court
## Northern District of Georgia

In re    NICOLE SMITH        Case No.   17-71867
                 Debtor(s)        Chapter   13

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, March 04, 2021, a copy of **Debtor's Proposed Modification of Plan, Notice of Hearing, and Requirement of Response** was served electronically or by regular United States mail to all interested parties listed in the attached matrix at the addresses indicated therein.

                 **/s/ Charles M. Clapp**
                 **Charles M. Clapp 101089**
                 **CMC Law | Law Offices of Charles Clapp**
                 **5 Concourse Parkway NE**
                 **Suite 3000**
                 **Atlanta, GA 30328**
                 **Office:404-585-0040**
                 **Fax:404-393-8893**
                 charles@lawcmc.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 17-71867-lrc<br>Northern District of Georgia<br>Atlanta<br>Thu Mar  4 14:02:26 EST 2021 | Capital One<br>P O Box 30281<br>Salt Lake City, UT 84130-0281 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |
| Charles M. Clapp<br>Law Offices of Charles Clapp, LLC<br>5 Concourse Parkway NE<br>Suite 3000<br>Atlanta, GA 30328-7106 | Comenity Bank<br>P O Box 183789<br>Columbus, OH 43218-2789 | Darcy Mehling Good, Esq.<br>Ste. 370<br>8101 North High St,<br>Columbus, OH 43235-1442 |
| Melissa J. Davey<br>Melissa J. Davey, Standing Ch 13 Trustee<br>Suite 200<br>260 Peachtree Street, NW<br>Atlanta, GA 30303-1236 | Fed Loan Servicing<br>P O Box 60610<br>Harrisburg, PA 17106-0610 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| HSBC Bank USA NA<br>1661 Worthington Rd<br>West Palm Beach, FL 33409-6493 | HSBC Bank USA, N.A.<br>Ocwen Loan Servicing, LLC<br>Attn: Bankruptcy Department<br>PO Box 24605<br>West Palm Beach, FL 33416-4605 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Brian K. Jordan<br>Aldridge Pite, LLP<br>Suite 500 - Fifteen Piedmont Center<br>3575 Piedmont Road, NE<br>Atlanta, GA 30305-1636 | Kemba Financial Credit Union<br>555 Officenter Pl<br>Gahanna, OH 43230-5314 | Kemba Financial Credit Union<br>555 Officenter Place<br>Gahanna, OH 43230-5314 |
| Manley Deas Kochalski, LLC<br>P O Box 165028<br>Columbus, OH 43216-5028 | McCutcheon Crossing Association, Inc.<br>c/o Rickert Property Management, Inc.<br>1695 Old Henderson Rd, Ste. 300<br>Columbus, OH 43220-3644 | Midland Funding, LLC<br>Midland Credit Management, Inc. as agent<br>Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Navient<br>P O Box 9500<br>Wilkes Barre, PA 18773-9500 | Navient Solutions, LLC on behalf of<br>Educational Credit Management<br>Corporation<br>PO BOX 16408<br>St. Paul, MN 55116-0408 | Ocwen Loan Servicing<br>Attn: Research Department<br>12650 Ingenuity Dr<br>Orlando, FL 32826-2703 |
| Ocwen Loan Servicing LLC<br>1661 Worthington Road Suite 100<br>West Palm Beach, FL 33409-6493 | PHH Mortgage Services,<br>Attn: Bankruptcy Department<br>PO Box 24605<br>West Palm Beach, FL 33416-4605 | PayPal Credit<br>P O Box 105658<br>Atlanta, GA 30348-5658 |
| Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Howard P. Slomka<br>Slipakoff & Slomka, PC<br>Suite 391<br>6400 Powers Ferry Road NW<br>Atlanta, GA 30339-2970 | Nicole Smith<br>925B Peachtree St NE, #143<br>Atlanta, GA 30309-3918 |
| U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta GA 30303-3315 | U.S. Department of Education<br>C/O FedLoan Servicing<br>P.O. Box 69184<br>Harrisburg, PA 17106-9184 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase Card
P O Box 15298
Wilmington, DE 19850-5298

Georgia Department of Revenue
Post Office Box 161108
Atlanta, GA 30321

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)HSBC BANK USA, N.A.

(d)Ocwen Loan Servicing
Attn: Research Dept
12650 Ingenuity Dr
Orlando, FL 32826-2703

(u)Ocwen Loan Servicing, LLC

End of Label Matrix
Mailable recipients    28
Bypassed recipients     3
Total                  31